# Exhibit A

**CHUBB®**  Chubb Group of Insurance Companies   CHUBB CUSTOM INSURANCE COMPANY
202B Hall's Mill Road
Whitehouse Station, NJ 08889

# Management Liability
Insurance Policy

**THIS IS A CLAIMS MADE INDEMNITY POLICY
WITH DEFENSE EXPENSES INCLUDED IN THE LIMIT OF LIABILITY.
PLEASE READ THE ENTIRE POLICY CAREFULLY.**

**CHUBB CUSTOM INSURANCE COMPANY**

**MANAGEMENT LIABILITY INSURANCE POLICY**

**Chubb Custom Insurance Company (the "Underwriter") and the Insureds, subject to all of the terms, conditions, and limitations of and any endorsements to this Policy, agree as follows:**

## I. INSURING AGREEMENT

If **Claims** for **Wrongful Acts** are first made against the **Insureds** during the **Policy Period**, the Underwriter will pay on behalf of the **Insureds Loss** and **Defense Expenses** resulting from such **Claims** and, as part of and subject to the Limit of Liability stated in ITEM 3 of the Declarations, the Underwriter will also have the right and duty to defend such **Claims**, even if they are groundless, false, or fraudulent.

## II. DEFINITIONS

(A) **"Application"** means the application attached to and forming part of this Policy, including any materials submitted in connection therewith, all of which are on file with the Underwriter and are a part of the Policy, as if physically attached. If the **Application** uses terms or phrases that differ from terms defined in this Policy, no inconsistency between any term or phrase used in the Application and any term defined in this Policy will waive or change any of the terms, conditions, and limitations of this Policy.

(B) **"Claim"** means written notice received by any **Insured** that any person or entity intends to hold an **Insured** responsible for a **Wrongful Act**. A **Claim** will be deemed to have been made when such written notice is first received by any **Insured**.

(C) **"Defense Expenses"** means reasonable legal fees and expenses incurred by or on behalf of the **Insureds** in the defense or appeal of a **Claim**, subject to the Underwriter's right and duty to defend; provided, that **Defense Expenses** will not include the **Named Insured's** or any **Subsidiary's** overhead expenses or any salaries, wages, fees, or benefits of the **Named Insured's** or any **Subsidiary's** partners, members, principals, directors, officers, or employees.

(D) "**Insured**" means

   (1) the **Named Insured**;

   (2) if the Named Insured is an entity, any **Subsidiary** of the **Named Insured**;

   (3) if the **Named Insured** or **Subsidiary** is a partnership or joint venture, the **Named Insured's** or **Subsidiary's** current and former partners and members;

   (4) if the **Named Insured** or **Subsidiary** is a limited liability corporation, the **Named Insured's** or **Subsidiary's** current and former members and managers;

   (5) if the **Named Insured** or **Subsidiary** is a corporation or sole proprietorship, the **Named Insured's** or **Subsidiary's** current and former directors, officers, and principals; and

   (6) any individual whose labor or service is engaged by and directed by any person or entity included within the definition of **Insured** by operation of DEFINITIONS (D)(1) through (D)(5) above. This includes part-time, seasonal, and temporary employees, as well as any individual employed in a managerial or supervisory position. Independent contractors are not included as **Insureds**.

   In the event of the death, incapacity, or bankruptcy of any person included within the definition of **Insured** by operation of this DEFINITION (D), any **Claim** against the estate, heirs, legal representatives, or assigns of such **Insured** for a **Wrongful Act** of such **Insured** will be deemed to be a **Claim** against such **Insured**.

(E) "**Loss**" means damages, pre- and post-judgment interest, judgments, settlements, or other amounts which an **Insured** is obligated to pay as a result of a **Claim**, including, if insurable under applicable law, punitive or exemplary damages; however, **Loss** does not include fines, taxes, or penalties; the multiple portion of any multiplied damage award; or matters which are uninsurable under the law pursuant to which this Policy will be construed.

(F) "**Named Insured**" means the person or entity named in ITEM 1 of the Declarations.

(G) "**Policy Period**" means the period from the Inception Date to the Expiration Date in ITEM 2 of the Declarations or to any earlier cancelation date.

(H) **"Related Claims"** means all **Claims** for **Wrongful Acts** based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the same or related facts, circumstances, situations, transactions, or events or the same or related series of facts, circumstances, situations, transactions, or events. All **Related Claims** will be treated as a single **Claim** made when the earliest of such **Related Claims** was first made or when the earliest of such **Related Claims** is treated as having been made in accordance with CONDITION (G)(2), whichever is earlier.

(I) **"Subsidiary"** means any entity during any time in which the **Named Insured** owns or controls, directly or through one or more **Subsidiaries**, the right to elect or appoint more than fifty percent (50%) of such entity's directors or managers.

(J) **"Wrongful Act"** means:

  (1) any actual or alleged act, error, omission, misstatement, misleading statement, or breach of duty by an **Insured** in connection with the conduct of the **Named Insured's** or any **Subsidiary's** business; and

  (2) any matter asserted against an individual **Insured** solely by reason of his or her status as a partner, a member, a manager, a director, an officer, a principal, or an employee of the **Named Insured** or any **Subsidiary**.

## III. EXCLUSIONS

(A) The Underwriter will have no obligation to pay **Loss** resulting from:

  (1) any **Claim** brought about or contributed to in fact by any dishonest or fraudulent act or omission or any willful violation of any statute, rule, or law by any **Insured** or by the gaining by any **Insured** of any profit, remuneration or advantage to which such **Insured** is not legally entitled;

  (2) any portion of a **Claim** seeking relief or redress in any form other than money damages; or

  (3) any **Claim** to enforce any **Insured's** actual or alleged liability under, or to compel any **Insured's** performance of, any contract or agreement.

If a **Claim** would fall within the coverage afforded under this Policy but for the application of one or more of the above EXCLUSIONS, the Underwriter will still have the right and duty to defend that **Claim** and to pay **Defense Expenses** in connection therewith; provided, that each **Insured** agrees that, if it is finally established that the Underwriter has no liability to an **Insured** for **Loss** as a result of a **Claim** by reason of EXCLUSION (A)(1), such **Insured** will repay the Underwriter upon demand all **Defense Expenses** paid on behalf of such **Insured** in connection with such **Claim** and, further, that the Underwriter's maximum Limit of Liability for

**Defense Expenses** in connection with all **Claims** to which EXCLUSION (A)(3) applies will not exceed an amount equal to ten percent (10%) of the amount set forth in ITEM 3 of the Declarations.

(B) The Underwriter will have no obligation to pay **Loss** or to defend or to pay **Defense Expenses** in connection with:

(1) any **Claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged bodily injury, sickness, mental anguish, emotional distress, disease, or death of any person; damage to or destruction of any tangible property, including loss of use thereof; libel, slander, oral or written publication of defamatory or disparaging material; invasion of privacy; wrongful entry; eviction; false arrest; false imprisonment; malicious prosecution; malicious use or abuse of process; assault; battery; or loss of consortium;

(2) any **Claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual, alleged or threatened exposure to, or generation, storage, transportation, discharge, emission, release, dispersal, escape, treatment, removal or disposal of, any smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials (including materials which are intended to be or have been recycled, reconditioned or reclaimed) or other irritants, pollutants or contaminants, or any actual, alleged or threatened nuclear reaction, nuclear radiation, radioactive contamination or exposure to any radioactive substance, or any regulation, order, direction or request to test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize any of the foregoing, or any action taken in contemplation or anticipation of any such regulation, order, direction or request;

(3) any **Claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any fact, circumstance, *situation*, transaction, event or **Wrongful Act**:

 (a) underlying or alleged in any prior and/or pending litigation or administrative or regulatory proceeding of which any **Insured** had received written notice as of the Inception Date in ITEM 2(a) of the Declarations; or

 (b) which, before the Inception Date in ITEM 2(a) of the Declarations, was the subject of any notice given by or on behalf of any **Insured** under any other policy of insurance;

(4) any **Claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:

- (a) wrongful termination, whether actual or constructive, of the employment of, or demotion or discharge of or failure or refusal to hire or promote, any person;

- (b) discrimination or harassment, whether sexual or otherwise, adversely affecting any employee of, or applicant for employment with, any **Insured**;

- (c) retaliatory treatment against an employee of any **Insured** on account of such employee's exercise or attempted exercise of his or her rights under law;

- (d) employment-related misrepresentation, negligent evaluation, wrongful discipline or deprivation of career opportunity; or

- (e) breach of any implied contract or agreement relating to employment, whether arising out of any personnel manual, policy statement or otherwise;

(5) any **Claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged malfunction of any product or failure of any product to perform in any manner as a result of any defect, deficiency, inadequacy or dangerous condition in such product or in its design or manufacture;

(6) any **Claim** for any actual or alleged liability of any **Insured** resulting from an **Insured's** performance of, or failure or refusal to perform, professional services;

(7) any **Claim** by or on behalf of, or in the name or right of, any **Insured**;

(8) any **Claim** for any actual or alleged violation of the Securities Act of 1933; the Securities Exchange Act of 1934; the Investment Company Act of 1940; the Investment Advisers Act of 1940; any other federal statute regulating the registration, offer, purchase or sale of securities; any state securities or "blue sky" statute; or any rules or regulations promulgated under any of the foregoing;

(9) any **Claim** for any actual or alleged violation of the Employee Retirement Income Security Act of 1974 or any regulations promulgated thereunder, or of any similar provisions of federal, state or local law or regulation;

(10) any **Claim** for any actual or alleged violation of, or liability under, the National Labor Relations Act; the Worker Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Occupational Safety and Health Act; any workers' compensation, unemployment insurance, social

security, or disability benefits law, other similar provisions of any federal, state or local statutory or common law; or any rules or regulations promulgated under any of the foregoing; or

(11) any **Claim** against any **Subsidiary** or other entity acquired by the **Named Insured**, whether by merger, consolidation or otherwise, or against any current or former director, officer, principal, member, partner, manager, or employee of such **Subsidiary** or other entity in his or her capacity as such for any **Wrongful Act** committed during any time in which such entity is not a **Subsidiary** or at any time before the **Named Insured's** acquisition of such entity.

## IV. CONDITIONS

(A) **Limit of Liability:**

(1) Regardless of the number of **Claims**, the number of persons or entities included within the definition of **Insured**, or the number of claimants who make **Claims** against the **Insureds**, the amount stated in ITEM 3 of the Declarations will be the maximum aggregate Limit of Liability of the Underwriter under this Policy for all **Loss** and **Defense Expenses** resulting from all **Claims** and **Related Claims** as to which this Policy provides coverage, regardless of the time of payment by the Underwriter and regardless of whether such **Claims** or **Related Claims** are made during the **Policy Period** or during the Extended Reporting Period.

(2) **Defense Expenses** are part of and not in addition to the Underwriter's Limit of Liability, and payment of **Defense Expenses** by the Underwriter will reduce its Limit of Liability.

(B) **Application of Retention; Presumption of Indemnification:**

(1) Any obligation of the Underwriter to pay **Loss** or **Defense Expenses** will only be in excess of any applicable retention. The Underwriter will have no obligation whatsoever, either to the **Insureds** or to any other person or entity, to pay all or any portion of any retention amount on behalf of any **Insured**, although the Underwriter will, at its sole discretion, have the right and option to do so, in which event the **Insureds** agree to repay the Underwriter any amounts so paid.

Form B25995 (08/2018 ed.) 6 Catalog No. HARTMLp-S
Form 14-02-6663

(2) The retention set forth in ITEM 5 of the Declarations will apply to any **Loss** and **Defense Expenses** incurred by or on behalf of the **Insureds**, whether or not such **Loss** or **Defense Expenses** shall actually have been paid by one or more of the **Insureds**; provided, that such retention shall not apply to **Loss** or **Defense Expenses** in connection with any **Claim** against a natural person **Insured** if:

    (a) the **Named Insured**, or the **Named Insured's** business or the **Subsidiary**, is not required or permitted to provide indemnification or advancement to or on behalf of such **Insured**; or

    (b) the **Named Insured**, or the **Named Insured's** business or the **Subsidiary**, is unable to make indemnification or advancement to or on behalf of such **Insured** solely by reason of the **Named Insured's** or such **Subsidiary's** financial insolvency.

For purposes of this CONDITION (B)(2), the **Named Insured** and the **Named Insured's** business and any **Subsidiary** shall be deemed to have taken all necessary steps to authorize and provide indemnification and advancement to the **Named Insured's** or such **Subsidiary's** partners, members, managers, directors, officers, principals, and employees to the maximum extent permissible under applicable law.

(C) **Defense and Settlement of Claims:**

(1) No **Insured** may incur any **Defense Expenses** or admit liability for or settle any **Claim** without the Underwriter's prior written consent. The Underwriter will have the right to make investigations and conduct negotiations and, with the consent of the **Insureds**, to enter into such settlement of any **Claim** as the Underwriter deems appropriate. If the **Insureds** refuse to consent to a settlement acceptable to the claimant in accordance with the Underwriter's recommendation:

    (a) the **Insureds** will thereafter be responsible for negotiating and defending such **Claim** at their own expense independently of the Underwriter; and

    (b) subject to the Underwriter's Limit of Liability as set forth in ITEM 3 of the Declarations, the Underwriter's liability in respect of any such **Claim** will not exceed the amount for which such **Claim** could have been settled by the Underwriter plus **Defense Expenses** up to the date the **Insureds** refused to settle such **Claim**.

(2) The Underwriter will have no obligation to defend or continue to defend or to pay **Loss** or **Defense Expenses** with respect to any **Claim** after the Underwriter's Limit of Liability with respect thereto has been exhausted by the payment of **Loss** or **Defense Expenses** or both. If the Underwriter's maximum aggregate Limit of Liability set forth in ITEM 3 of the Declarations is exhausted by the payment of **Loss** or **Defense Expenses** or both, the premium will be fully earned.

(D) **Other Insurance:**

All **Loss** and **Defense Expenses** payable under this Policy will be specifically excess of and will not contribute with other valid insurance (whether collectible or not), including but not limited to any other insurance under which there is a duty to defend, unless such other insurance is specifically in excess of this Policy. This Policy will not be subject to the terms of any other insurance.

(E) **Cooperation; Subrogation:**

In the event of a **Claim**, the **Insureds** will provide the Underwriter with all information, assistance, and cooperation that the Underwriter reasonably requests and will do nothing that may prejudice the Underwriter's position or potential or actual rights of recovery. At the Underwriter's request, the **Insureds** will assist in the conduct of actions, suits or proceedings, including but not limited to attending hearings, trials and depositions; securing and giving evidence; and obtaining the attendance of witnesses and will also assist in making settlements. In the event of payment, the Underwriter will be subrogated to the extent of any payment to all of the rights of recovery of the **Insureds**. The **Insureds** will execute all papers and do everything necessary to secure such rights, including the execution of any documents necessary to enable the Underwriter effectively to bring suit in their name. The obligations of the **Insureds** under this CONDITION (E) will survive the Policy.

(F) **Extended Reporting Period:**

If either the Underwriter or the **Named Insured** refuses or declines to renew this Policy for any reason and, within thirty (30) days of the end of the **Policy Period**, the **Named Insured** elects to purchase the Extended Reporting Period set forth in ITEM 6 of the Declarations by paying the additional premium set forth in ITEM 7 of the Declarations, then the coverage otherwise afforded by this Policy will be extended to apply to **Claims** first made during the Extended Reporting Period but only if such **Claims** are for **Wrongful Acts** committed before the end of the **Policy Period** or the date of any conversion of coverage under CONDITION (H), whichever is earlier.

(G) **Notice:**

(1) As a condition precedent to any right to payment or defense in respect of any **Claim**, the **Insureds** must give the Underwriter written notice of such **Claim**, with full details, as soon as practicable after it is first made.

(2) If, during the **Policy Period**, the **Insureds** first become aware of a **Wrongful Act** which may subsequently give rise to a **Claim** and, as soon as practicable thereafter but before the end of the **Policy Period**, request coverage under this Policy for any subsequently resulting **Claim** for such **Wrongful Act** in a written notice to the Underwriter providing full details as to how the **Insureds** first became aware of such **Wrongful Act** and what **Claim** or **Claims** may be anticipated to arise therefrom, then the Underwriter will treat any such subsequently resulting **Claim** as if it had been first made during the **Policy Period**.

(3) All notices under this CONDITION (G) must be sent by certified mail to the address set forth in ITEM 8 of the Declarations.

(H) **Conversion of Coverage under Certain Circumstances:**

If, during the **Policy Period**, any of the following events occurs:

(1) the acquisition of the **Named Insured**, or of all or substantially all of the **Named Insured's** assets, by another, or the merger or consolidation of the **Named Insured** into or with another;

(2) the appointment of a receiver, conservator, trustee, liquidator or rehabilitator, or any similar official, for or with respect to the **Named Insured**; or

(3) the obtaining by any person, entity, or affiliated group of persons or entities of the right to elect, appoint or designate at least fifty percent (50%) of the partners, members, managers, principals, or directors of the **Named Insured**;

coverage under this Policy will continue in full force and effect with respect to **Claims** for **Wrongful Acts** committed before such event, but coverage will cease with respect to **Claims** for **Wrongful Acts** committed after such event. After any such event, the Policy may not be canceled, regardless of CONDITION (I)(2), and the entire premium for the Policy will be deemed fully earned.

(I) **Cancelation; No Obligation to Renew:**

(1) The Underwriter may not cancel this Policy except for failure to pay a premium when due, in which case twenty (20) days' written notice will be given.

(2) The **Named Insured** may cancel this Policy by mailing the Underwriter written notice stating when, not later than the Expiration Date set forth in ITEM 2(b) of the Declarations, such cancelation will be effective. In such event, the earned premium will be computed in accordance with the customary short rate table and procedure. Premium adjustment may be made either at the time cancelation by the **Named Insured** is effective or as soon as practicable thereafter, but payment or tender by the Underwriter of unearned premium is not a condition of cancelation by the **Named Insured**.

(3) The Underwriter will not be required to renew this Policy upon its expiration. If the Underwriter elects not to renew this Policy, the Underwriter will deliver or mail to the **Named Insured** written notice to that effect at least sixty (60) days before the Expiration Date set forth in ITEM 2(b) of the Declarations.

(J) **Representations; Severability:**

The **Insureds** represent that the particulars and statements contained in the **Application** are true, accurate, and complete and agree that this Policy is issued in reliance on the truth of that representation and that such particulars and statements, which are deemed to be incorporated into and to constitute a part of this Policy, are the basis of this Policy. No knowledge or information possessed by any **Insured** will be imputed to any other **Insured**, except for material facts or information known to the person or persons who signed the **Application**. In the event of any material untruth, misrepresentation, or omission in connection with any of the particulars or statements in the **Application**, this Policy will be void with respect to any **Insured** who knew of such untruth, misrepresentation or omission or to whom such knowledge is imputed.

(K) **Spouses of Individual Insureds:**

(1) The coverage afforded under this Policy will, subject to all of its terms, conditions, limitations, and exclusions, be extended to apply to all **Loss** and **Defense Expenses** resulting from a **Claim** made against a person who, at the time the **Claim** is made, is a lawful spouse of an individual **Insured**, but only if:

(a) the **Claim** against such spouse results from a **Wrongful Act** actually or allegedly committed by the **Insured** to whom the spouse is married; and

(b) such **Insured** and his or her spouse are represented by the same counsel in connection with such **Claim**.

(2) No spouse of an **Insured** will, by reason of this CONDITION (K), have any greater right to coverage under this Policy than the **Insured** to whom such spouse is married.

(3) The Underwriter will not be liable under this CONDITION (K) to make any payment of **Loss** or **Defense Expenses** in connection with any **Claim** against a spouse of an **Insured** for any actual or alleged act, error, omission, misstatement, misleading statement, neglect, or breach of duty by such spouse.

(L) **No Action against the Underwriter:**

(1) No action may be taken against the Underwriter unless, as conditions precedent thereto, there has been full compliance with all of the terms of this Policy and the amount of the **Insureds'** obligation to pay has been finally determined either by judgment against the **Insureds** after adjudicatory proceedings or by written agreement of the **Insureds**, the claimant and the Underwriter.

(2) No person or entity will have any right under this Policy to join the Underwriter as a party to any **Claim** to determine the liability of any **Insured**; nor may the Underwriter be impleaded by an **Insured** or his, her or its legal representative in any such **Claim**. The Underwriter will not be relieved of any of its obligations under the Policy by the bankruptcy or insolvency of any of the **Insureds** or their estates.

(M) **Authorization and Notices:**

The **Insureds** agree that the **Named Insured** will act on their behalf with respect to receiving any notices and return premiums from the Underwriter.

(N) **Changes:**

Notice to any agent or knowledge possessed by any agent or other person acting on behalf of the Underwriter will not effect a waiver or change in any part of this Policy or estop the Underwriter from asserting any right under the terms, conditions and limitations of this Policy. The terms, conditions, and limitations of this Policy can be waived or changed only by written endorsement.

(O) **Assignment:**

No assignment of interest under this Policy will bind the Underwriter without its consent.

(P) **Entire Agreement:**

The **Insureds** agree that this Policy, including the **Application** and any endorsements, constitutes the entire agreement between them and the Underwriter or any of its agents relating to this insurance.

(Q) **Headings:**

The descriptions in the headings and sub-headings of this Policy are solely for convenience, and form no part of the terms of coverage.

**In witness whereof the Underwriter has caused this Policy to be executed on the Declarations Page.**

_____    _____
Secretary                                President