# Exhibit 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF BROWN, GOLDSTEIN & LEVY, LLP 120 E. BALTIMORE STREET, SUITE 1700, BALTIMORE, MARYLAND 21202 | Case No. 19-мэ-2155 |
| | **FILED UNDER SEAL** |

## BROWN, GOLDSTEIN, LEVY, LLP'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Brown, Goldstein & Levy, LLP ("BGL") moves pursuant to Fed. R. Crim. P. 41(g), Fed. R. Civ. P. 65 on an emergency basis for a temporary restraining order and preliminary injunction enjoining the United States Attorney's Office for the District of Maryland (USAO-MD) from reviewing privileged files seized on June 18, 2019 from BGL's office.

### I.   INTRODUCTION

USAO-MD prosecutors are currently reviewing privileged, attorney-client communications between a BGL criminal defense attorney, Joshua Treem, Esq., and a number of his clients who are under investigation or being prosecuted by the USAO-MD, some of whom have nothing to do with the investigation that led to the seizure.  The USAO-MD actions have – and continue to – invade the attorney-client communications privilege, the work-product doctrine, and violate the Sixth Amendment's guarantee of effective counsel and a fair trial.  As a result, BGL requests that this Court enjoin the Government from continuing to invade the privileged communications of its adversaries (some of whom, again, are unconnected to this USAO-MD investigation) and either return this sensitive material to BGL or place it into the hands of a neutral magistrate judge or special master to conduct a privilege review.

WJH/WJH/03035325.DOCXv1

## II.    **FACTUAL BACKGROUND**

BGL has been a prominent fixture of Baltimore's legal community for over 30 years. It is well-known for its work in representing individuals whose civil rights have been violated, for representing people with disabilities, and for defending the criminally accused.

Mr. Treem began his career in the U.S. Attorney General's Honors Program, then worked in the Civil Rights Division of the Justice Department, and later served as a federal prosecutor. He is a "dean" of the Maryland defense bar. In 2001, the U.S. Federal Public Defender for the District of Maryland gave Mr. Treem the John Adams Award, which is presented each year to a defense attorney who best exemplifies the qualities exhibited by former President John Adams in representing unpopular, indigent clients. Federal courts and others trust Mr. Treem with extraordinarily difficult and sensitive matters. For example, he was specially appointed by the United States District Court for the District of Maryland to represent a "Beltway Sniper" Lee Boyd Malvo. He has served on the District Court's Criminal Justice Act panel for years.

For the last three years, Mr. Treem has represented Kenneth Ravenell, also a criminal defense attorney, in connection with a USAO-MD's five-year plus investigation into whether Mr. Ravenell laundered drug trafficking proceeds.

On June 18, 2019, federal agents raided both Mr. Ravenell's office and BGL's Baltimore office. From BGL's office, the agents seized confidential, privileged documents concerning Mr. Treem's representation of Mr. Ravenell. They also seized all of Mr. Treem's email correspondence, whether those emails concern Mr. Ravenell *or other clients of Mr. Treem* (some of whom are being investigated by, or are being prosecuted by, the USAO-MD for unrelated crimes), and files kept by other BGL attorneys. Aff. of Andrew Freeman, Esq. (**Ex. 1**); June 13, 2019 Search and Seizure Warrant (**Ex. 2**); June 18, 2019 Inventory Listing of Warrant Items Seized at Search Warrant Site (**Ex. 3**). These files contain privileged, attorney-client

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003427

communications, and attorney work-product concerning civil and criminal disputes totally

unconnected with the Ravenell investigation. Aff. of Andrew Freeman, Esq. **(Ex. 1)**.

The copy of the Search and Seizure Warrant left at BGL does not identify the place to be

searched and does not identify the property to be seized. **(Ex. 2)**. Instead, the Warrant says "See

attachment A-1" and "See attachment B-1". Attachment A-1 has never been provided to BGL

despite repeated requests. **(Ex. 1)**. Attachment B-1 was provided by the Government to

undersigned counsel today.

BGL attorneys have demanded that the seized files be returned to BGL or that they be

given to a Special Master to review them for privilege. Aff. of Andrew Freeman, Esq. **(Ex. 1)**.

In response, AUSA James Warwick has represented that the files are being reviewed by a

USAO-MD "taint team" that, according the Mr. Warwick, will not communicate about the

documents to Mr. Warwick or other AUSAs who work in the same office and are prosecuting

Mr. Ravenell. *Id.*

## III.   **LEGAL STANDARD**

Under Fed. R. Crim. P. 41(g):

> A person aggrieved by an unlawful search and seizure of property
> or by the deprivation of property may move for the property's
> return. The motion must be filed in the district where the property
> was seized. The court must receive evidence on any factual issue
> necessary to decide the motion. If it grants the motion, the court
> must return the property to the movant, but may impose reasonable
> conditions to protect access to the property and its use in later
> proceedings.

Additionally, federal courts may issue temporary restraining orders and preliminary

injunctions under Fed. R. Civ. P. 65. The standard for granting either of those forms of

injunctions is the same. *Georgia Vocational Rehab. Agency Business Enterprise Program v.*

*United States*, 354 F. Supp. 3d 690, 693 (E.D. Va. 2018 ) (granting temporary restraining order

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**                                          BGLPROD003428

against the government in procurement matter). "A plaintiff seeking a preliminary injunction

must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer

irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his

favor, and [(4)] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council,*

*Inc.*, 555 U.S. 7, 20 (2008).

Although a plaintiff must make a "clear showing" that he is likely to succeed at trial, a

plaintiff "need not show a certainty of success." *Pashby v. Delia,* 709 F.3d 307, 321 (4th Cir.

2013) (agreeing that preliminary injunction was appropriate but remanding for trial court to cure

technical non-compliance with Rule 65). "Irreparable harm means harm that is neither remote

nor speculative, but actual and imminent." *Georgia Vocational Rehab.*, 354 F. Supp. 3d at 693

(citation and internal quotations omitted). The government "cannot reasonably assert that it is

harmed in any legally cognizable sense by being enjoined from constitutional violations."

*Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) (agreeing with issuance of injunction but

vacating and remanding because scope was too broad). An injunction preventing the "likely

infringement of petitioners' rights under the Fourth Amendment" serves the public interest. *Am.*

*Fed'n of Teachers-W. Va., AFL-CIO v. Kanawha County Bd. of Educ.*, 592 F. Supp. 2d 883, 905-

06 (S.D.W. Va. 2009) (granting preliminary injunction) (citing *Giovani Carandola, Ltd. v.*

*Bason*, 303 F.3d 607, 520-21 (4th Cir. 2002)).

An injunction may be issued to preserve the "status quo" – that is, the "last uncontested

status between the parties which preceded the controversy." *Pashby,* 709 F.3d at 320 (citation

and internal quotations omitted). A temporary restraining order or preliminary injunction may be

issued "only if the movant gives security in an amount that the court considers proper to pay the

4

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003429

costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

Fed. R. Civ. P. 65(c).

## IV. ARGUMENT

### A. When the Government seizes files from a criminal defense law firm, the law firm, a magistrate judge, or a special master should review the files' responsiveness, claims of privilege, and any potential exceptions to privilege.

When the Government seizes documents from a criminal defense law firm, the law firm, a magistrate judge, or a special master – and not an arm of the prosecuting agency – should review the seized documents to evaluate relevance, claims of privilege and any exceptions to privilege. *E.g., United States v. Regan*, 281 F. Supp. 2d 795, 806 (E.D. Va. 2002); *United States v. Abbell*, 914 F. Supp. 519 (S.D. Fla. 1995). Courts should not permit a Government "taint team" to perform such a review for two reasons: (1) to protect the attorney-client communications privilege and (2), more fundamentally, to protect the clients' Sixth Amendment rights to a fair trial and the effective assistance of counsel.

The United States Court of Appeals for the Third Circuit issued a preliminary injunction commanding the Government to return materials seized from a law firm on the grounds that the warrant purporting to authorize the search was overbroad and the Government disregarded the attorney-client privilege. *Klitzman, Klitzman and Gallagher v. Krut*, 744 F.2d 955, 962 (3rd 1984).

The United States District Court for the Southern District of New York, in very similar circumstances as those presented here, concluded that a special master should review documents seized from a criminal defense practitioner because the documents included privileged communications with clients unrelated to the investigation at issue for whom no showing of probable cause had been made. *United States v. Stewart*, 02 CR. 395 JGK, 2002 WL 1300059,

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003430

at *7 (S.D.N.Y. June 11, 2002). In *Stewart*, the Government seized files from a criminal defense

attorney accused of conspiring with Sheikh Abdel Rahman, who had previously been convicted

of conspiracy in connection with the 1993 World Trade Center bombing. *Id.* at *1.[1] The seized

documents included those related to *Stewart's* representation of Rahman, but also those

concerning Stewart's other criminal defense clients, and clients of other attorneys who shared

office space with Stewart, "exceptional" factors warranting a special master to review the

documents:

> [T]his case is exceptional in that the documents seized on April 9,
> 2002 are likely to contain privileged materials relating not only to
> unrelated criminal defendants but also to the clients of attorneys
> other than the defendant, for whom there has been no showing of
> probable cause of criminal conduct. The privilege and
> responsiveness concerns raised by this class of materials are
> therefore exceptional, and the likely existence of materials that fall
> into this class speaks in favor of appointment of a Special Master.

*United States v. Stewart*, 02 CR. 395 JGK, 2002 WL 1300059, at *7 (S.D.N.Y. June 11, 2002).

The *Stewart* court cited defendants' Sixth Amendment rights as a key reason that a

special master should perform the review. *Id.* at *5 ("The search of the law offices of a criminal

defense attorney can thus raise Sixth Amendment concerns that would not otherwise be present

in the search of the offices of a civil litigation attorney. There is no doubt that appointment of a

Special Master would help address these concerns.").

The *Stewart* court rejected the Government's request that a "taint team" review the seized

documents for three reasons, all of which are applicable here. First, the court concluded there

was no way to ensure that the AUSAs on the "taint team" did not have involvement with other,

---

[1] The prosecutors in *Stewart* recognized that the seizure of a law firm's files generated serious
privilege concerns and therefore agreed to seal the files until a court had ruled on the proper
procedure for evaluating privilege. *Id.* at *3. The USAO-MD has not extended BGL any such
courtesy, and appears to be rushing to review the files, despite the pendency of this investigation
for the past five years.

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003431

unidentified criminal defense clients of the firm whose office was searched, thereby disclosing

privilege communications directly to the client's adversary. *Id.*[2]  Second, in response to the

Government's suggestion that it would isolate and review only relevant electronic data from

seized computers through search terms, the court concluded the search terms may inadvertently

return irrelevant, otherwise privileged documents. *Id.*  Third, the court recognized that a "taint

team" creates the appearance of unfairness and erodes the public's trust in the criminal justice

system:

> [R]eliance on the implementation of a Chinese Wall, especially in
> the context of a criminal prosecution, is highly questionable and
> should be discouraged. The appearance of Justice must be served,
> as well as the interests of Justice. It is a great leap of faith to expect
> that members of the general public would believe that any such
> Chinese wall would be impenetrable; this notwithstanding the
> honor of an AUSA.

*Id.* at *8 (quoting *In re Search Warrant for Law Offices Executed on March 19, 1992*, 153

F.R.D. 55, 59 (S.D.N.Y. 1994)).

The United States District Court for the District of Arizona very recently followed

*Stewart* and appointed a special master in almost identical circumstances to those presented here.

*United States v. Gallego*, CR1801537001TUCRMBPV, 2018 WL 4257967 (D. Ariz. Sept. 6,

2018).  In *Gallego*, the Government searched the offices of a criminal defense law firm under

suspicion that an attorney had assisted one of his clients in the commission of a crime. *Id.* at *1.

The Government *also* seized files that "likely contain privileged material pertaining to unrelated

clients of" the target attorney. *Id.* at *3.  The Government's proposal to have a "taint team"

review the files threatened to invade the clients' Sixth Amendment rights to effective assistance

of counsel and a fair trial, and this risk militated in favor of appointing a special master. *Id.*

---

[2] It bears noting that BGL is ethically prohibited from disclosing to the USAO-MD the identity of
clients when the relationship remains confidential.

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**
BGLPROD003432

("Accordingly, this case raises Sixth Amendment concerns present in *Stewart* but not present in other cases relied upon by the Government.").

Other courts are in agreement. *Accord United States v. Regan*, 281 F. Supp. 2d 795, 806 (E.D. Va. 2002) (directing a magistrate judge to work with a neutral computer expert to identify four discrete types of non-privileged documents on a computer filled with other privileged documents); *United States v. Abbell*, 914 F. Supp. 519 (S.D. Fla. 1995) (in a case involving "a complex underlying investigation that alleges crimes of narcotics trafficking, money laundering and obstruction of justice," the court ordered that a special master review documents seized from a criminal defense law firm for (1) responsiveness to the warrant, (2) privilege, and (3) potential exceptions to applicable privileges, and enjoined the government's "taint team" from disclosing any seized documents to the prosecuting team pending the special master's review) ("The Court finds that the responsiveness and privilege issues raised in these proceedings are exceptional and warrant referral to a Special Master."); *United States v. Neill*, 952 F. Supp. 834, 841 n.14 (D.D.C. 1997) (calling USAO's use of a "taint team" both "troubling" and "unwise" and noting that "at the very least" it creates an "appearance of unfairness").

For these reasons, this Court should order the Government to return the seized files to BGL or, alternatively, appoint a Magistrate Judge or a Special Master to perform a review for responsiveness and privilege.

### B. The Search Warrant Is Facially Unconstitutional Because (1) It Is Insufficiently Particular, and (2) Was Issued by a Magistrate Judge Without Authority to Issue Warrants in Maryland

This Court should order the return of the files because they were seized in violation of the Fourth Amendment, as the warrant was insufficiently particular and issued by a Magistrate Judge

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003433

without authority to issue warrants in Maryland. Fed. R. Crim. P. 41(g) (authorizing a court to order the return of materials unlawfully seized).

### 1. *The Warrant Was Insufficiently Particular*

A constitutionally valid search warrant has four elements: 1) probable cause, 2) an oath or affirmation, 3) a particularized description of the place to be searched, and 4) a particularized description of the things to be seized. *Groh v. Ramirez*, 540 U.S. 551, 557 (2004) ("The Fourth Amendment states unambiguously that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched, and *the . . .things to be seized.*'") (emphasis in original).

Here, the Search Warrant fails to meet elements three and four. *Cf. Groh*, 540 U.S. at 557 (holding that the entire search warrant was invalid because it failed the fourth element). The Search Warrant fails the third element because it does not state *with particularity* a place to be searched. The Search Warrant simply states, "See attachment A-1" in the space reserved to "identify. . . the property to be searched and give its location." **(Ex. 2)**. Despite multiple requests to Assistant United States Attorneys by BGL attorneys on June 18, 2019, the government has refused to provide attachment A-1. Aff. of Andrew Freeman, Esq. **(Ex. 1)**.

Although the Government has never provided attachment A-1, and consequently BGL is unaware of what particulars are included within it, it is nevertheless clear that the agents went far beyond the authority granted to them by the warrant in seizing files and correspondence that relate to BGL clients other than Ravenell. All such documents and files were unlawfully seized and must be returned.

The Search and Seizure Warrant also fails the fourth element because, in the area of the Warrant reserved to "identify the person or describe the property to be seized," the words "See

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**                                    BGLPROD003434

attachment B-1" appear. **(Ex. 2)**. But again, the Government did not provide attachment B-1 on June 18, 2019, despite several requests by BGL, and only provided it for the first time today. As a consequence, the Warrant is facially invalid.

> 2. *The Warrant Was Issued by a Magistrate Judge Without Authority to Issue Warrants in Maryland*

Fed. R. Crim. P. 41(b)(1) states in relevant part:

> (b) Venue for a Warrant Application. At the request of a federal law enforcement officer or an attorney for the government:
>
> (1) *a magistrate judge with authority in the district -- or if none is reasonably available, a judge of a state court of record in the district--* has authority to issue a warrant to search for and seize a person or property located within the district.

(emphasis added).

The Search and Seizure Warrant was executed by Judge Theresa C. Buchanan, an Eastern District of Virginia Magistrate Judge without authority to issue a warrant in Maryland. As a result, the Search and Seizure Warrant is unconstitutional. *United States v. Henderson*, 906 F.3d 1109, 1117 (9th Cir. 2018) ("The weight of authority is clear: a warrant purportedly authorizing a search beyond the jurisdiction of the issuing magistrate judge is void under the Fourth Amendment. We agree with our sister circuits' analysis and conclude that *the Rule 41 violation was a fundamental, constitutional error.*") (emphasis added).

Because the Search and Seizure Warrant was defective for these two reasons, the seizure was unlawful, and this Court should order the Government to return all seized files to BGL. Fed. R. Crim. P. 41(g).

## V.    **CONCLUSION**

For the foregoing reasons, BGL requests that this Court issue an injunction commanding the Government to return materials seized pursuant to the Search and Seizure Warrant or,

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003435

alternatively, command the Government to provide them to a Magistrate Judge or Special Master to perform a review for responsiveness and privilege.

Respectfully submitted,

Dated:  June 28, 2019

/s/ James P. Ulwick
James P. Ulwick (Fed. Bar. No. 00536)
Louis P. Malick (Fed. Bar No. 11166)
William J. Harrington (Fed. Bar No. 03863)
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030 (telephone)
(410) 539-1269 (facsimile)
julwick@kg-law.com
lmalick@kg-law.com
wharrington@kg-law.com

*Counsel for Plaintiff Brown Goldstein & Levy, LLP*

CERTIFICATE OF SERVICE

I certify that on June 28, 2019, I emailed the foregoing document to AUSA James Warwick, Esq., AUSA Derek Hines and AUSA Jessica Collins.

/s/ James P. Ulwick
James P. Ulwick

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003436

# EXHIBIT  1

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003437

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN THE MATTER OF THE SEARCH OF
BROWN, GOLDSTEIN & LEVY, LLP
120 E. BALTIMORE STREET, SUITE 1700,      Case No. _____
BALTIMORE, MARYLAND 21202

## AFFIDAVIT OF ANDREW D. FREEMAN, ESQ.

I am over 18 years of age and competent to testify to the following facts:

1.     I am a partner in the law firm of Brown, Goldstein & Levy, LLP ("BGL").

2.     On June 18, 2019, federal agents searched BGL's Baltimore office, seizing confidential, privileged documents concerning my law partner, Joshua R. Treem's, representation of attorney Kenneth Ravenell. Agents also seized all of Mr. Treem's email correspondence, whether those emails concern Mr. Ravenell or other clients of Mr. Treem (some of whom are being investigated by, or prosecuted by, the USAO-MD for unrelated crimes).

3.     My law partners and I have requested that the United States Attorney's Office for the District of Maryland ("USAO-MD") return the materials seized from BGL's office or, alternatively, give the materials to a special master to perform a privilege review, but the USAO-MD has not agreed to do so.

4.     My law partners and I have requested from the USAO-MD copies of the attachments "A-1" and "B-1" on a copy of a Search and Seizure Warrant left at BGL's offices on June 18, 2019, but the USAO-MD has not provided those attachments to me or my colleagues.

5.     I declare under the penalty of perjury and upon personal knowledge that the foregoing is true and correct.

Executed on June 28, 2019

_____
Andrew D. Freeman

WJH-WJH/03/037165.DOCXx1

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003438

# EXHIBIT  2

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003439

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Maryland

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )   Case No. |
| | ) |
| Brown Goldstein Levy LLP, | ) |
| 120 E Baltimore Street, Suite 1700, Baltimore, Maryland | ) |
| 21202 | ) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Maryland . *(identify the person or describe the property to be searched and give its location)*:

See attachment A-1

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See attachment B-1

**YOU ARE COMMANDED** to execute this warrant on or before     6/27/19     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ The Hon. Theresa C. Buchanan _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____

Date and time issued:     6/13/19   10:45 an          /s/
                                                    Theresa Carroll Buchanan
                                                    United States Magistrate Judge
                                                    *Judge's signature*

City and state:    Balt, MD (signed in Alex., VA)        Theresa C. Buchanan, U.S. Magistrate Judge
                                                          *Printed name and title*

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003440

# EXHIBIT 3

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

# Inventory Listing of Warrant Items Seized at Search Warrant Site

| | |
|---|---|
| **Site Name:** | **Investigation Number:** 1000299173 |
| 120 E Baltimore St, Ste 1700 | **Report Date:** |
| Baltimore, MD 21201 | Tuesday, June 18, 2019 |
| Treem Office Building | **Starting Date and Time:** |
| | 06/18/2019 11:22 AM |
| | **Ending Date and Time:** |
| | 06/18/2019 05:15 PM |

| Control #: | 1 | | Evidence Box: | 1 |
|---|---|---|---|---|
| Location: | TREEM OFFICE | | Locator Code: | |
| Found: | SHOULDER BAG ON DESK | | | |
| Description: | Seized Per Warrant | "RAVENELL" ORANGE NOTEBOOK | | |

| Control #: | 2 | | Evidence Box: | 2 |
|---|---|---|---|---|
| Location: | ATTNY CRAWFORD OFFIC | | Locator Code: | |
| Found: | IN COMPUTER | | | |
| Description: | Seized Per Warrant | SELECTED FILES EXTRACTED FROM LENOVO THINKPAD IN OFFICE OF CHELSEA CRAWFORD | | |

| Control #: | 3 | | Evidence Box: | 2 |
|---|---|---|---|---|
| Location: | CONFERENCE ROOM | | Locator Code: | |
| Found: | ON CREDENZA | | | |
| Description: | Seized Per Warrant | LOGICAL EXTRACTION OF BGL'S IPAD S/N- DMPVR3YWJ28K | | |

| Control #: | 4 | | Evidence Box: | 2 |
|---|---|---|---|---|
| Location: | TREEM OFFICE | | Locator Code: | |
| Found: | ON DESK | | | |
| Description: | Seized Per Warrant | LOGICAL EXTRACTION OF JOSH TREEM IPHONE S/N- DX32NEJLJCLM | | |

| Control #: | 5 | | Evidence Box: | 2 |
|---|---|---|---|---|
| Location: | ATTNY CRAWFORD OFFIC | | Locator Code: | |
| Found: | ON DESK | | | |
| Description: | Seized Per Warrant | IMAGE OF IRON KEY BASIC H350 500 GB S/N- 02376050 LABELED W/ POST IT "K RAVENELL DOCS FOR JASON DOWNS" | | |

| Control #: | 6 | | Evidence Box: | 3 |
|---|---|---|---|---|
| Location: | TREEM ASSISTANT DESK | | Locator Code: | |
| Found: | BOX 4 | | | |
| Description: | Seized Per Warrant | SEM CI PAPERWORKS FINANCIALS INVESTMENT | | |

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003442

| Control #: | 7 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | TREEM PARALEGAL OFIC | Locator Code: | |
| Found: | WIRED BASKET ON TOP OF BOOK SHELF | | |
| Description: | Seized Per Warrant   FILE 6G | | |

| Control #: | 8 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | DESK QUEEN ASSOC ATT | Locator Code: | |
| Found: | ON TOP OF DESK | | |
| Description: | Seized Per Warrant   LETTER | | |

| Control #: | 9 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | DESK LALCHANDANI ASA | Locator Code: | |
| Found: | ON TOP OF DESK | | |
| Description: | Seized Per Warrant   HAND WRITTEN NOTES | | |

| Control #: | 10 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | TREEM ASSISTANT DESK | Locator Code: | |
| Found: | BOX 1 | | |
| Description: | Seized Per Warrant   CLIENT NOTES ABOUT FINANCIALS | | |

| Control #: | 11 | Evidence Box: | 4 |
|---|---|---|---|
| Location: | FILE CABINET IN HALL | Locator Code: | |
| Found: | BOTTOM LEFT DRAWER | | |
| Description: | Seized Per Warrant   KR FILES- DOCUMENT #1 ORIGINAL<br>#2<br>#5<br>DISCUSSIONS ABOUT #4 AND #6H<br>#6B<br>#6E | | |

| Control #: | 12 | Evidence Box: | 2 |
|---|---|---|---|
| Location: | FILE CABINET IN HALL | Locator Code: | |
| Found: | BOTTOM LEFT DRAWER | | |
| Description: | Seized Per Warrant   1 CD IN ZS LLC ENVELOPE<br>1 CD IN RMG ENVELOPE<br>3 CDS IN ZS LLC ENVELOPE<br>3 CDS RUBBER BANDED TOGETHER "MURPHY FIRM"<br>*CD'S CAME FROM BOX #4 KW FILE FOLDER | | |

| Control #: | 13 | Evidence Box: | 2 |
|---|---|---|---|
| Location: | TREEM PARALEGAL OFIC | Locator Code: · | |
| Found: | WIRE BASKET ON TOP OF BOOK SHELF | | |
| Description: | Seized Per Warrant   RK FILE- CD - 2 (6G) | | |

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003443

| Control #: | 14 | Evidence Box: | 2 |
|---|---|---|---|
| Location: | FILE CABINET IN HALL | Locator Code: | |
| Found: | BOTTOM LEFT DRAWER | | |
| Description: | Seized Per Warrant   3 CD'S NATHAN & BIDDLE LLP BINDER CLIPPED TO LETTER DATE 4/20/2015<br>3 CD'S FOLDER LABELED "3.2 MURPHY FIRM PRODUCED DOCS RAVENELL, KENNETH 03888.000 JRT"<br>1 CD FROM FILE FOLDER LABELED "LEONALDO HARRIS RAVENELLE, KENNETH<br>CD HAS "KR: HARRIS MFM" WRITTEN ON IT<br>*CD'S CAME FROM BOX #4 KW FILE FOLDER | | |

| Control #: | 15 | Evidence Box: | 2 |
|---|---|---|---|
| Location: | TREEM OFFICE | Locator Code: | |
| Found: | LONG DESK IN FRONT OF WINDOWS | | |
| Description: | Seized Per Warrant   3 CD'S IN REDWELLS LABELED KR 3888.000 DATED 1/28/2016<br>1 CD CORNER OF LONG DESK IN FRONT OF WINDOW LABELED MFRK PRIV DOCS<br>BYRD PRIV DOCS | | |

| Control #: | 16 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | TREEM OFFICE | Locator Code: | |
| Found: | LONG DESK IN FRONT OF WINDOW | | |
| Description: | Seized Per Warrant   MISC COMMUNICATION REALTING TO JT, ICR 2/8/18 5/18/17 1/11/19 3/6/17  (2 & 6C)<br>MONEY ANALYSIS RELATING TO RB<br>ALLEGATION DOC RELATING TO CURRENT INDICTMENT OF JT OR KR<br>FINANCIAL SPREADS RELATING TO RB | | |

| Control #: | 17 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | TREEM OFFICE | Locator Code: | |
| Found: | LONG DESK IN FRONT OF WINDOW | | |
| Description: | Seized Per Warrant   REDWELL LABELED KR (GRAND JURY SUBPOENAS) 1/28/16<br>3888.000 W/COMMUNICATIONS HANDWRITTEN & TYPED | | |

| Control #: | 18 | Evidence Box: | 5 |
|---|---|---|---|
| Location: | TREEM PARALEGAL OFIC | Locator Code: | |
| Found: | FILING CABINET TOP DRAWER | | |
| Description: | Seized Per Warrant   ELECTRONIC CORRESPONDENCE FROM PARALEGALS OFFICE THAT SAID THE DEVICES WERE PERTINENT | | |

| Control #: | 19 | Evidence Box: | 2 |
|---|---|---|---|
| Location: | TREEM PARALEGAL OFIC | Locator Code: | |
| Found: | FILING CABINET TOP SHELF | | |
| Description: | Seized Per Warrant   500 GB WESTERN DIGITAL | | |

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003444

| Control #: | 20 | | Evidence Box: | 2 |
|---|---|---|---|---|
| Location: | TREEM PARALEGAL OFIC | | Locator Code: | |
| Found: | WIRE BASKET ON BOOKSHELF | | | |
| Description: | Seized Per Warrant | IMAGE OF SEAGATE SLIM PORTABLE DRIVE S/N- NA4T7CM3 | | |

| Control #: | 21 | | Evidence Box: | 2 |
|---|---|---|---|---|
| Location: | DESK OF LAW CLERK | | Locator Code: | |
| Found: | ON SERVER | | | |
| Description: | Seized Per Warrant | SELECTED FILES FROM SERVER RELATED TO JOSHUA TREEM | | |

| Control #: | 22 | | Evidence Box: | 2 |
|---|---|---|---|---|
| Location: | TREEM OFFICE | | Locator Code: | |
| Found: | DESK | | | |
| Description: | Seized Per Warrant | LOGICAL IMAGE OF LENOVO THINKPAD -- VOLUME C AND RAM DUMP S/N- PF-12WLA | | |

| Control #: | 23 | | Evidence Box: | 2 |
|---|---|---|---|---|
| Location: | TREEM OFFICE | | Locator Code: | |
| Found: | DESK | | | |
| Description: | Seized Per Warrant | LENOVO THINKPAD WITH POWER BLOCK S/N: PF-12WLA | | |

CONFIDENTIAL - PER COURT ORDER
**CONFIDENTIAL**

BGLPROD003445